IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **JENNIFER MURPHY,**<br><br>                                        Plaintiff,<br><br>          v.<br><br>**CITY OF LEWES**, *et al.*,<br><br>                                        Defendants. | Civil Action No. 1:13-cv-01048-RGA |

MEMORANDUM ORDER

The Magistrate Judge has filed a Report and Recommendation. (D.I. 26). The Defendants have filed objections, to which the Plaintiff has responded (D.I. 28, 31), and the Plaintiff has filed objections, to which the Defendants have responded (D.I. 27, 32). The matter is now before this Court.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(B), which provides that "a [district] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations for the disposition . . . of any motion [including a motion for summary judgment or to dismiss for failure to state a claim upon which relief can be granted]." Such a designation was made. (Oral order, October 25, 2013). The objected-to portions of the

1

Magistrate Judge's Report and Recommendation are subject to *de novo* review pursuant to 28 U.S.C. § 636(b)(1).

The Defendants argue that sections 4-14(D)(3)(c) and 6-1(B)(8)[1] of the Personnel Policy do not provide the Plaintiff with a property interest in her employment.[2] The Court agrees. To have a property interest in continued employment, a person "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Property interests may be created by state or federal statute, municipal ordinance, or by an express or implied contract. *Bishop v. Wood*, 426 U.S. 341, 344 (1976). In Delaware, there is a "heavy presumption" that employment, "unless otherwise expressly stated, is at-will in nature with duration indefinite." *Bailey v. City of Wilmington*, 766 A.2d 477, 480 (Del. 2001) (per curiam) (quoting *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 102 (Del. 1992)). The Plaintiff's allegations do not rebut this "heavy presumption."

The issue here is whether any clause of the Employee Handbook, which contains the Personnel Policy, creates an implied contract such that the Plaintiff's employment is modified from its original "at-will" status. The first page of the handbook, which was signed by the Plaintiff, states:

> I understand that this handbook is intended as a guide for personnel policies, benefits, and general information, and that these guidelines are not intended to be nor should be construed as an employment contract. . . . I also understand that my employment relationship with the City is an at-will relationship and I may choose to end the employment relationship at any time, just as the City may end the employment relationship at any time.

---

[1] I interpret the reference in the Magistrate Judge's Report and Recommendation to section 6-1(D)(3)(d), (D.I. 26 at 8), as actually referring to section 4-14(D)(3)(c).
[2] The Amended Complaint extensively cites the City of Lewes Personnel Policy, and thus it may be relied upon in determining whether the Plaintiff states a claim upon which relief may be granted.

2

(D.I. 27-1 at 2). This statement alone is sufficient to prevent any other section in the handbook from modifying the Plaintiff's at-will employment status. However, even in the absence of this express statement, the policies relied upon by the Plaintiff are procedural, and not substantive, and therefore do not generate a property interest. *Blanding v. Pa. State Police*, 12 F.3d 1303, 1306 n. 2 (3d Cir. 1993). Section 4-14(D) is titled, "Procedure." (D.I. 20 at 70). Specifically, sections 4-14(D)(3)(c) & (d) provide procedures that the city may follow, not procedures that the city must follow. *See id.* at 6 (describing the contents of the handbook as "policies and guidelines" "that management may make changes [to] when it is appropriate" and without "advance notice"). Furthermore, it would be nonsensical to read section 4-14(D)(3)(c) as limiting the city's ability to fire an employee, as it would mean that an employee who tests positive for a legal drug, such as Xanax, could be fired under section 4-14(D)(3)(d), but an employee who tests positive for an illegal drug, such as cocaine, could not be fired under section 4-14(D)(3)(c). *Id.*

This Court need not resolve the Defendants' objection regarding whether the city is subject to Home Rule. Because the Court finds that the Handbook does not create an implied contract, the issue of whether the city is subject to Home Rule is mooted. Therefore the Magistrate Judge's conclusion on this ground will not be reviewed.

The Plaintiff argues that the Magistrate Judge erred in granting the Defendants' motion to dismiss punitive damages against the individual defendants. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages may not be awarded against municipal employees in their official capacities, but instead only in

their individual capacities. *Farris v. Moeckel*, 664 F. Supp. 881, 893 (D. Del. 1987). When a complaint does not clearly indicate whether a defendant is being sued in his or her individual or official capacity, the course of the proceedings may be used to determine in which capacity the defendant is being sued. *Brandon v. Holt*, 469 U.S. 464, 469-71 (1985). Here, the complaint explicitly prays for relief against the "individual defendants" in paragraphs 71(b), 71(c), 71(d), and 71(e). (D.I. 12 at 12). Furthermore, the complaint lays out sufficient factual allegations against the Defendants (*see* D.I. 12 at 7 (¶¶ 43 & 44); *id.* at 9 (¶¶ 53-54)) for punitive damages for the purposes of a motion to dismiss. Therefore, the Defendants' motion to dismiss claims for punitive damages is denied.

Thus, this 23rd day of April 2014, the Objections (D.I. 27, 28) are **SUSTAINED IN PART and DISMISSED AS MOOT IN PART.** The conclusions of the Report and Recommendation (D.I. 26) are **ADOPTED** except as inconsistent with this Memorandum Order. The motion to dismiss (D.I. 18) is **GRANTED** as to Count I. Count I is **DISMISSED.**

IT IS SO ORDERED this 23rd day of April 2014.

*Richard G. Andrews*
United States District Judge